**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:

KWADWO OPPONG,                                    Chapter 13

                                                                              Case No. 23-16456 (CMG)

            Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

## OPINION

**APPEARANCES:**

**DAVIS LAW CENTER, LLC**
**Robert Davis, Esq.**
Attorney for Debtor

**STERN & EISENBERG, PC**
**Steven Kelly, Esq.**
Attorney for Movant, US Bank Trust National Association

**STANDING CHAPTER 13 TRUSTEE**
**Albert Russo, Esq.**
Chapter 13 Trustee

**CHRISTINE M. GRAVELLE, U.S.B.J.**

## Introduction

Before the Court is the issue of whether the co-debtor stay under 11 U.S.C. § 1301 goes into effect upon the filing of a bankruptcy petition even where the debtor himself is not entitled to a stay under 11 U.S.C. § 362. This case is the third bankruptcy filing for debtor Kwadwo Oppong ("Debtor") within one year. Pursuant to 11 U.S.C. § 362(c)(4), the automatic stay under § 362(a)

did not go into effect in this case. Armed with this knowledge, creditor US Bank Trust National Association ("Creditor") proceeded with a post-petition sheriff sale of Debtor's residence located at 231 Old Road, Sewaren, NJ (the "Property").

Debtor's wife, Margaret Oppong ("Wife"), is a co-owner of the Property and a co-obligor on the note and mortgage. Debtor submits that under § 1301, Wife is entitled to a stay against any act to collect a consumer debt of the debtor from any other individual liable on such debt. Because Creditor failed to obtain relief from the co-debtor stay, Debtor argues that the sheriff sale is void ab initio and must be reversed. Additionally, he submits that the stay should be imposed to allow for him to sell the Property through the Chapter 13 plan process. Creditor takes the opposite position, positing that the co-debtor stay cannot exist absent the presence of a stay on behalf of the debtor under § 362(a). Creditor asks for confirmation that the stay never went into effect in the case and for prospective in rem relief as to the Property going forward.

The caselaw presented by the parties reaches a uniform conclusion: the inapplicability of the stay under § 362(c) for multiple filings does not automatically terminate the co-debtor stay under § 1301. *See* In re Dev, 593 B.R. 435 (Bankr. E.D.N.C. 2018); In re Whitlock-Young, 571 B.R. 795 (Bankr. N.D. Ill. 2017); In re Lemma, 393 B.R. 299 (Bankr. E.D.N.Y. 2008); In re King, 362 B.R. 226 (Bankr. Md. 2007). This caselaw is based upon the plain language of the statute. Section 1301 of the Code sets forth when the co-debtor stay applies, providing that "a creditor may not act, or commence or continue any civil action, to collect all or part of a consumer debt of the debtor from any individual that is liable on such debt" with certain exceptions. The language of § 1301 does not contain any reference to the stay under § 362, nor does it cite to that statute in any other capacity.

Subsections § 362(c)(3) and (4) provide limitations on the applicability of the automatic stay under § 362(a) where a debtor has filed multiple bankruptcies which were pending but dismissed within a one-year period. In the case of a debtor who has had one case dismissed within the preceding one-year period, "the stay under subsection (a) . . . shall terminate with respect to the debtor on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3)(A). Where a debtor has had two or more cases pending but dismissed in the preceding one-year period, "the stay under subsection (a) shall not go into effect upon the filing of the later case." 11 U.S.C. § 362(c)(4)(A)(i). These subsections specifically speak to "the stay under subsection (a)," meaning § 362(a), but make no mention of the co-debtor stay under § 1301.

As noted in the King case, Congress understands the distinction between the stay provided under § 362 and the one provided under § 1301. This is evidenced in 11 U.S.C. § 365(p)(3) which refers to the rejection of leases not assumed in individual chapter 11 and chapter 13 plans, and states that "[i]f the lease is rejected, the stay under § 362 and any stay under section 1301 is automatically terminated with respect to the property subject to the lease." (Emphasis added). This further buttresses the plain language interpretation.

Creditor cites to two cases, In re Morris, 385 B.R. 823 (E.D. Va. 2008) and In re Motes, 166 B.R. 147 (Bankr. D. Mo. 1994), for the proposition that the legislative history of the § 1301 co-debtor stay merits the conclusion that such a stay must be related to the debtor's stay under § 362. That history explains that the purpose of the co-debtor stay is not for protection of the co-debtor, but to prevent indirect pressure on the debtor through actions against friends and relatives. See H.R.Rep. No. 595, 95th Cong., 1st Sess. 426 (1977). Thus, where there is no stay against the debtor, there is no purpose in the co-debtor stay. Creditor asks this Court to apply that logic in finding that the co-debtor stay was not in effect as to Wife in the present case. But it is notable

that neither case cited by Creditor concluded that the co-debtor stay under § 1301 was reliant upon the existence of the § 362 stay.  In Motes, the Court examined the legislative history of § 1301 in the context of a motion for relief from the co-debtor stay and did not consider any issues relating to the absence of a stay under § 362.  In the Morris case, the court considered a similar factual scenario to the one at bar, the validity of a foreclosure sale in violation of the co-debtor stay.  But the court did not find that the co-debtor stay was inapplicable where there was no stay in effect pursuant to § 362(c)(4).  Instead, the court acknowledged the existence of the co-debtor stay but granted relief from stay retroactively to the date of the petition, thus ratifying the sale.

      This Court is persuaded by the weight of the caselaw examining the plain language of the statutes.  While certainly there are oddities that occur by allowing a co-debtor stay under § 1301 where the debtor has no stay under § 362, and the statutory history raises some questions over the purpose of allowing such a result, because the plain language is clear these issues need not be analyzed in detail.  *See* In re Philadelphia Newspapers, LLC, 599 F.3d 298, 304 (3d Cir. 2010) ("When the words of a statute are unambiguous . . . judicial inquiry is complete.").  Nor has Creditor advanced any other legal theory for why Wife here does not satisfy the requirements to invoke § 1301, such as the debt not being "consumer" in nature, or that the action is an in rem proceeding thereby making § 1301 inapplicable.  *See discussion in* In re Whitlock-Young, 571 B.R. at 806-07.  This Court finds that the co-debtor stay is in effect and was in effect at the time of the sheriff sale.

      With that finding the Court must return to the issues originally presented in the motions filed by the parties.  Creditor's motion seeks confirmation that the co-debtor stay is not in effect, along with a request for prospective relief as to the Property.  For the reasons stated above, I find that the co-debtor stay is in effect.  Creditor's motion does not seek relief from the co-debtor stay,

nor does it set forth grounds to do so. A creditor may obtain relief from the co-debtor stay, in relevant part, where the debtor's plan does not propose to pay such claim or where the creditor's interest would be irreparably harmed by the continuation of the stay. 11 U.S.C. § 1301(c)(2) & (3). Here, the plan does propose to pay Creditor's claim through a sale of the Property. So, the analysis would be limited to whether the Creditor's interest would be irreparably harmed.

The analysis of the harm to Creditor is similarly relevant in determining whether the retroactive annulment of the stay is appropriate, as in the Morris case. The Third Circuit has found that "even those cases that have subscribed to a narrow conception of the power to retroactively annul the stay have affirmed that balancing the equities is the appropriate test." In re Myers, 491 F.3d 120 (3d Cit. 2007). This was also the standard applied in the Morris case, which allowed retroactive relief after balancing the equities. It found that the good faith purchaser at the sheriff sale had already obtained a loan and paid off the loan on the property, and that the new lender believed it was obtaining good title as security.

Creditor has not requested a retroactive annulment of the co-debtor stay in its filings, and the parties have not presented any analysis of the equities in the case. Based upon the current record the Court finds that it would not be appropriate to retroactively annul the stay nor to grant relief from the co-debtor stay. There is no evidence of any bad-faith on the part of Debtor here in an attempt to game the system. And Debtor may have equity in the Property which he might realize through the sale process to allow for his reorganization. On the other hand, Creditor will still be paid in full upon the sale, limiting any prejudice to it. As this matter has progressed the Court has had concerns as to the knowledge of these proceedings held by the third-party purchaser of the Property, as there could be prejudice to that entity. However, the parties have notified the purchaser of the pending motion practice, and the purchaser has not appeared in any capacity.

With no evidence of any inequities meriting such relief, the Court will not retroactively annul the co-debtor stay.

Because the co-debtor stay as to Wife is still in effect, Debtor's motion to extend the automatic stay under § 362(a) is largely mooted and he may proceed with his proposed Chapter 13 plan seeking to sell the Property. In consideration of Debtor's multiple filings and the Creditor's interests in receiving prompt payment, the sale process must be effectuated expeditiously. The Court will therefore grant an extension of the stay as to Debtor under § 362 on an interim basis until March 5, 2024 to sell the Property.

Counsel for Debtor has submitted an order in accordance with this decision which has been docketed.


Dated:                                          /s/Christine M. Gravelle
                                                United States Bankruptcy Judge